**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PHILLIP SPRANDO, derivatively on behalf of International Game Technology,<br><br>Plaintiff - Appellant,<br><br>  v.<br><br>PATTI S. HART; et al.,<br><br>Defendants - Appellees. | No. 11-17018<br><br>D.C. No. 3:10-cv-00415-ECR-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Submitted May 15, 2013[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON and BEA, Circuit Judges, and KORMAN, Senior District Judge.[***]

Phillip Sprando initiated a shareholder derivative action on behalf of International Game Technology ("IGT") against certain of IGT's directors and officers. The district court dismissed that action on two grounds: (1) Sprando failed to allege contemporaneous ownership of IGT stock, because much of the conduct challenged in the complaint occurred prior to Sprando's acquisition of stock, and (2) Sprando failed to comply with the requirements of Federal Rule of Civil Procedure 23.1, because IGT's Board of Directors ("the Board") had not refused Sprando's demand for investigation and action. Sprando appeals the dismissal on both grounds. With respect to the first issue, he urges us to adopt the "continuing wrong" exception to the contemporaneous ownership requirement and hold that it applies on the facts of this case. With respect to the second issue, Sprando argues that the district court abused its discretion by basing its decision on a clearly erroneous factual finding (i.e. that the Board had not refused his demand). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Because the second issue can dispose of the appeal, we address it first. This court reviews "district court determinations regarding the demand requirement for derivative actions . . . for abuse of discretion." *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008). Because Sprando argues that the district court abused its discretion by basing its determination that the Board did not refuse Sprando's demand on a clearly erroneous assessment of facts, we must determine whether the district court's decision was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks and citation omitted). Only when at least one of those three conditions is met can this court hold that the district court "abused its discretion by making a clearly erroneous finding of fact." *Id*.

The district court's determination that the Board did not refuse Sprando's demand is not illogical, implausible, or without support in inferences which may be drawn from the record. Indeed, the record of the parties' correspondence confirms the district court's determination. The record establishes that Sprando sent the Board his demand on October 7, 2009. IGT's general counsel, David Johnson, responded to that letter with a request for information on October 30,

3

2009. On the same day, Sprando sent a supplemental letter to bolster the claims in his initial demand. On November 4, 2009, Johnson responded to confirm that he had received the supplemental letter. In that response, Johnson said he would wait until he received the previously requested information, and then give both letters to the Board at the same time.

Sprando's attorneys apparently sent the necessary information on November 12, 2009. They sent a follow-up letter and requested an update on December 21, 2009. It is not clear from the record what happened to these two letters. Johnson left IGT around that time, and his replacement, Robert Melendres, subsequently explained that they may have been misplaced as a result. The facts in the record support an inference that the letters were inadvertently misplaced or lost. First, the complaint did not allege that any IGT representative intentionally withheld or destroyed the letters in question, nor did it allege that any IGT representative took any action in bad faith with respect to those letters. Second, when Sprando's attorneys sent the confirmation materials a second time, the legal department promptly delivered them with Sprando's demand to the Board, as it had promised in the November 4, 2009, letter. These facts support an inference that IGT's legal

4

department held Sprando's demand in the hopes that it would receive the requested information.

On March 25, 2010, Sprando's attorneys sent the two letters a second time and requested a "definitive response" to the demand by April 2, 2010. It is not clear what Sprando's attorneys meant by "definitive response" here. The eight-day deadline and the fact that the Board had not yet seen the demand support an inference that Sprando's attorneys requested merely that the Board decide to pursue an investigation or refuse the demand outright.

On March 31, 2010, Melendres responded to Sprando's attorneys and stated that the materials would be forwarded to the Board and that the Board would respond within two weeks. On April 16, 2010, roughly two days after the two-week deadline had expired, an IGT representative called Sprando's attorneys and told them the Board would respond within a week. On April 26, 2010, roughly three days after that one-week deadline had expired, Philip Satre, the Chairman of the Board, faxed Sprando's attorneys a letter which stated that the Board had asked him to perform an "initial[] review" of the demand and "report back . . . with a recommendation for next steps to be taken." Such language logically supports an inference that the Board had decided not to refuse the demand outright and wanted

5

at least some kind of investigation into its substance. Thus, the district court's determination that the Board did not refuse Sprando's demand is not illogical, implausible, or without support from inferences which may be drawn from the record.

Because the above determination as to the demand-refusal issue is sufficient to warrant an affirmance of the district court's dismissal, we do not reach Sprando's argument that we should adopt the continuing wrong doctrine.

**AFFIRMED.**